IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEVERETT GRISSOM,

      Plaintiff,               No. 2:09-cv-2118 KJN P

      vs.

LEON GUERRERO, et al.,

      Defendants.          <u>ORDER</u>

                            /

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  On August 26, 2009, the court dismissed plaintiff's complaint with leave to amend.  On October 28, 2009, plaintiff filed an amended complaint.

      The court has reviewed plaintiff's complaint and, for the limited purposes of § 1915A screening, finds that it states a cognizable claim against defendants Mitchell and Knowles insofar as he alleges they denied plaintiff equal protection in the handling of his grievance.  <u>See</u> 28 U.S.C. § 1915A.

      However, the amended complaint fails to state a cognizable claim as to the other named defendants.  The amended complaint contains no charging allegations as to defendant Dickinson.  As to defendant Guerrero, plaintiff states Guerrero issued the rules violation, but fails to explain why that action violated plaintiff's constitutional rights.  Thus, the court finds that

1

the complaint does not state a cognizable claim against defendants Dickinson and Guerrero.  The claims against those defendants are hereby dismissed with leave to amend.

Plaintiff may proceed forthwith to serve defendants Mitchell and Knowles and pursue his claims against only those defendants, or he may delay serving any defendant and attempt again to state a cognizable claim against defendants Guerrero and Dickinson.[1]

If plaintiff elects to attempt to amend his complaint to state a cognizable claim against defendants Guerrero and Dickinson, he has thirty days in which to file such an amended complaint.  He is not obligated to file a second amended complaint.

If plaintiff elects to proceed forthwith against defendants Mitchell and Knowles, against whom he has stated a cognizable claim for relief, then within thirty days he must return materials for service of process enclosed herewith.  In that event, the court will construe plaintiff's election as consent to dismissal of all claims against defendants Guerrero and Dickinson without prejudice.

Any amended complaint must show:  the federal court has jurisdiction; the action is brought in the right place; and plaintiff is entitled to relief if plaintiff's allegations are true.  It must also contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).  If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege

---

[1] Plaintiff is cautioned, however, that supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

their agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Id. (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. Id. at 1950.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 15-220; see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

/////

1    By signing a second amended complaint, plaintiff certifies he has made reasonable
2 inquiry and has evidentiary support for his allegations.  If plaintiff violates this rule, the court
3 may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.
4    A prisoner may not bring a § 1983 action until he has exhausted such
5 administrative remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is
6 mandatory.  <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001).  California prisoners or parolees may
7 appeal "any departmental decision, action, condition, or policy which they can demonstrate as
8 having an adverse effect upon their welfare."  Cal. Code Regs. tit. 15, §§ 3084.1, <u>et seq</u>.  An
9 appeal must be presented on a CDC form 602 that asks simply that the prisoner "describe the
10 problem" and "action requested."  Therefore, this court ordinarily will review only claims against
11 prison officials within the scope of the problem reported in a CDC form 602 or an interview or
12 claims that were or should have been uncovered in the review promised by the department.
13 Plaintiff is further admonished that by signing an amended complaint he certifies his claims are
14 warranted by existing law, including the law that he exhaust administrative remedies.  If plaintiff
15 violates this rule, plaintiff risks dismissal of his entire action, including his claims against
16 defendants Mitchell and Knowles.
17    Accordingly, IT IS HEREBY ORDERED that:
18    1.  Claims against defendants Guerrero and Dickinson are dismissed with leave to
19 amend.  Within thirty days of service of this order, plaintiff may amend his complaint to attempt
20 to state cognizable claims against these defendants.  Plaintiff is not obliged to amend his
21 complaint.
22    2.  The allegations in the pleading are sufficient at least to state cognizable claims
23 against defendants Mitchell and Knowles.  <u>See</u> 28 U.S.C. § 1915A.  With this order the Clerk of
24 the Court shall provide to plaintiff a blank summons, a copy of the pleading filed October 28,
25 2009, two USM-285 forms and instructions for service of process on defendants Mitchell and
26 Knowles.  Within thirty days of service of this order, plaintiff may return the attached Notice of

1  Submission of Documents with the completed summons, the completed USM-285 forms, and
2  three copies of the endorsed October 28, 2009 complaint.  The court will transmit them to the
3  United States Marshal for service of process pursuant to Fed. R. Civ. P. 4.  Defendants Mitchell
4  and Knowles will be required to respond to plaintiff's allegations within the deadlines stated in
5  Fed. R. Civ. P. 12(a)(1).  In the event that plaintiff elects to proceed forthwith with service, the
6  court will construe plaintiff's election to proceed as consent to an order dismissing his defective
7  claims against defendants Dickinson and Guerrero without prejudice.
8              3.  Failure to comply with this order will result in a recommendation that this
9  action be dismissed.
10 DATED: February 16, 2010

                            /s/ Kendall J. Newman
                            KENDALL J. NEWMAN
                            UNITED STATES MAGISTRATE JUDGE

gris2118.14o

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEVERETT GRISSOM,

        Plaintiff,                    No. 2:09-cv-2118 KJN P

    vs.

LEON GUERRERO, et al.,

        Defendants.            <u>NOTICE OF SUBMISSION OF DOCUMENTS</u>

_____/

    Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

      <u>  1  </u>    completed summons form

      <u>_____</u>    completed forms USM-285

      <u>_____</u>    copies of the _____
                          October 28, 2009 Amended Complaint

Plaintiff consents to the dismissal of defendants Mitchell and Knowles without prejudice.

    OR

    _____ Plaintiff opts to file a second amended complaint and delay service of process.

Dated:

                                         _____
                                                 Plaintiff