IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEVERETT GRISSOM,

    Plaintiff,                    No. 2:09-cv-2118 KJN P

    vs.

GUERRERO, et al.,                ORDER AND

    Defendants.             FINDINGS AND RECOMMENDATIONS

_____/

I. Introduction

        Plaintiff is a state prisoner proceeding without counsel and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. On October 18, 2010, defendants filed a motion to dismiss on the grounds that the second amended complaint ("SAC") fails to state a cognizable civil rights claim. Plaintiff filed an opposition on November 1, 2010.[1] Defendants filed a reply on November 17, 2010. For the reasons set forth below, the undersigned recommends that defendants' motion be granted and this case be dismissed.

---

[1] Plaintiff presented his opposition to prison officials for mailing on November 1, 2010. (Dkt. No. 29 at 14.) Under the mailbox rule, plaintiff's opposition was considered filed on November 1, 2010. See Houston v. Lack, 487 U.S. 266, 275-76 (1988) (pro se prisoner filing is dated from the date prisoner delivers it to prison authorities). Because plaintiff's opposition was timely filed, the court need not address defendants' contention that it was untimely. (Dkt. No. 30 at 1.)

1

II. Motion to Dismiss

Background

Plaintiff is proceeding on the SAC filed May 20, 2010, against defendants Guerrero, Knowles and Mitchell (collectively "defendants"). (Dkt. No. 21.) Plaintiff alleges defendant Guerrero violated his constitutional rights by issuing him a counseling chrono for hanging laundry on his cell bed, despite Sgt. Hammamota verbally advising #C-dorm in 2008 that inmates were permitted to do so. Plaintiff argues that defendant Guerrero created and enforced his own "home-made" policy that hanging laundry from the bunk beds in the prison dormitory created a security risk. (Dkt. No. 21 at 4-5.) Plaintiff also contends he was issued a counseling chrono in lieu of a verbal warning in violation of prison regulations. Plaintiff argues that defendant Mitchell consolidated 22 other inmates' appeals of chronos issued against them for the same laundry violation. (Dkt. No. 21 at 6.) Plaintiff avers the other inmates' appeals were granted but his was denied. Plaintiff argues defendant Knowles applied the same rules to grant the other 22 inmates' appeals, yet denied plaintiff's appeal.

Failure to State a Claim

Defendants contend plaintiff has failed to state a cognizable civil rights claim. Defendants argue plaintiff has no protected liberty interest to hang laundry on plaintiff's cell bed, and plaintiff fails to allege facts demonstrating he has a liberty interest in being free from receiving a counseling chrono for violation of institutional regulations. Defendants argue that plaintiff's claims against Mitchell and Knowles fail because plaintiff's allegations pertain solely to defendant Mitchell's and Knowles' involvement in the grievance procedure, and plaintiff has no constitutional entitlement to a specific prison grievance procedure.

In response, plaintiff contends that he was not provided a copy of the policies governing California Medical Facility ("CMF") upon his arrival, he was issued a counseling

////

////

chrono for actions Sgt. Hammamota had allegedly given inmates permission to do, and plaintiff was discriminated against because other inmates' appeals were granted.[2]

Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89 (2007), and construe the pleading in the light most favorable to the plaintiff. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir. 1999). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007). However, "[s]pecific facts are not necessary; the statement [of facts] need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson, 551 U.S. 89 (internal citations omitted).

A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). In general, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). The court has an obligation to construe such pleadings liberally. Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, the court's

---

[2] Plaintiff also argues he has a protected liberty interest in parole, and that he was denied parole on March 18, 2010, in part because of the alleged wrongful counseling chrono issued by defendant Guerrero. (Dkt. No. 29 at 7.) However, this argument is unavailing in light of the United States Supreme Court's recent ruling in Swarthout v. Cooke, 562 U.S. ___ (2011), No. 10-333, 2011 WL 197627, at *2 (Jan. 24, 2011). While California's parole statutes give rise to a liberty interest in parole protected by the federal due process clause, the protection afforded by the federal due process clause to California parole decisions consists solely of the "minimal" procedural requirements set forth in Greenholtz, specifically "an opportunity to be heard and . . . a statement of the reasons why parole was denied." Swarthout, at *2-3.

1 liberal interpretation of a pro se complaint may not supply essential elements of the claim that
2 were not pled.  Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

        1.  Alleged Due Process Violation

4         Plaintiff contends his due process rights were violated by defendant Guerrero's
5 issuance of a counseling chrono based on plaintiff's hanging laundry from his bunk bed in the
6 prison dormitory.  Defendants argue that not all deprivations imposed by prison authorities
7 trigger the procedural protections of the Due Process Clause.  (Dkt. No. 28-1.)

8         The Fourteenth Amendment provides that no state shall deprive a person of life,
9 liberty, or property without due process of law.  These procedural guarantees apply only when a
10 constitutionally-protected liberty or property interest is at stake.  Board of Regents v. Roth,
11 408 U.S. 564, 569-70 (1972) (the Fourteenth Amendment's Due Process Clause does not trigger
12 the need for procedural protections in every instance involving the state's deprivation of an
13 individual's liberty, but only when there is a cognizable liberty interest at stake); see Ingraham v.
14 Wright, 430 U.S. 651, 672 (1977).  Protected liberty interests arise from the Fourteenth
15 Amendment's Due Process Clause itself, or from state laws or regulations deemed to have
16 created a liberty interest cognizable as a civil right.  Meachum v. Fano, 427 U.S. 215, 224-27
17 (1976); Wolff v. McDonnell, 418 U.S. 539, 557-58 (1974) (describing minimum safeguards
18 applicable before a cognizable liberty interest may be infringed, such as before withdrawing
19 sentence credits a prisoner has already acquired).

20         To survive Rule 12(b)(6) review, the complaint must allege facts permitting a
21 finding that the plaintiff has a liberty interest at stake, arising from either the Due Process clause
22 or from state-created sources.  Sandin v. Conner, 515 U.S. 472, 477-78 (1995) (examining
23 whether state prison regulations or the Due Process Clause afforded inmate a protected liberty
24 interest that would entitle him to procedural protections before transfer into segregation); see
25 Roth, 408 U.S. at 569 ("The requirements of procedural due process apply only to the deprivation
26 of interests encompassed by the Fourteenth Amendment's protection of liberty and property").

> These interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to the protection by the Due Process Clause of its own force . . . , nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

Sandin, 515 U.S. at 482.

Changes in a prisoner's conditions of confinement can amount to a deprivation of a liberty interest constitutionally protected under the Due Process Clause, but only if the liberty interest in question is one of real substance. Sandin, 515 U.S. at 477-78. Only in those cases where a sufficiently substantial liberty interest is at stake must the court evaluate whether the process received comported with minimum procedural due process requirements. Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (internal quotations omitted). If the court answers the first question in the negative, the plaintiff has failed to state a section 1983 claim for a Fourteenth Amendment violation.

In order to find a liberty interest conferred by state law, the analysis focuses on the nature of the deprivation rather than on the language of any particular regulation, to avoid involvement of federal courts in day-to-day prison management. See Sandin, 515 U.S. at 479-82, 483; see also May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) (prisoner's due process claim fails because he has no liberty interest in freedom from state action taken within sentence imposed, and administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence). Protected liberty interests created by state law are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 483-84; see also Keenan v. Hall, 83 F.3d 1083, 1088-89 (9th Cir. 1996) (prison classification created no "atypical and significant hardship" because it would not invariably affect the duration of the inmate's sentence) (interpreting Sandin).

////

In his SAC, plaintiff has again failed to allege facts supporting a claim that he had a protected liberty interest in not being issued a counseling chrono for failing to adhere to prison regulations regarding the hanging of laundry from a bunk bed in the prison dormitory. Absent the existence of a protected liberty interest, plaintiff's due process claim fails. Wilkinson v. Austin, 545 U.S. 209, 221 (2005); Nunez v. City of Los Angeles, 147 F.3d 867, 871 (9th Cir. 1998). Further, even if plaintiff could demonstrate a protected liberty interest existed, plaintiff fails to set forth any facts showing that he was denied the minimal procedural protections he was due under federal law, Wolff, 418 U.S. at 556, or that he was found guilty without "some evidence" supporting the finding, Superintendent v. Hill, 472 U.S. 445, 455-56 (1985). Although plaintiff initially argued he had received no notice of prison rules or policies upon arrival at CMF, plaintiff provided evidence that he was verbally informed as to the prison's rules concerning hanging laundry on the bunk beds in the prison dormitory prior to the issuance of the counseling chrono herein. (Dkt. No. 21, Ex. C.) In addition, plaintiff acknowledged at that time that he was aware of CMF's laundry exchange program for his unit, but chose to wash his clothes in his cell. (Id.) Therefore, plaintiff's argument that he was not provided notice is unavailing. Accordingly, plaintiff has not pled a cognizable due process claim arising out of the issuance of the counseling chrono. The undersigned recommends dismissal of the claim, with prejudice.

2. Equal Protection

To the extent plaintiff argues he was denied equal protection based on the handling of his counseling chrono, plaintiff's claim is also unavailing.

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). An equal protection claim may be established by showing that the defendant intentionally discriminated against the plaintiff based on the plaintiff's membership in a protected class, Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003); Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated

differently without a rational relationship to a legitimate state purpose, <u>Village of Willowbrook v. Olech</u>, 528 U.S. 562, 564 (2000); <u>Lazy Y Ranch Ltd. v. Behrens</u>, 546 F.3d 580, 592 (9th Cir. 2008). A plaintiff must allege sufficient facts either showing intentional unlawful discrimination or "that are at least susceptible of an inference of discriminatory intent." <u>Monteiro v. Tempe Union High Sch. Dist.</u>, 158 F.3d 1022, 1026 (9th Cir. 1998).

Plaintiff argues that 22 other "similarly situated" inmates who received counseling chronos for hanging laundry had their appeals consolidated into a "class action," and were given favorable relief. (Dkt. No. 21 at 6.) Plaintiff provides copies of appeal responses for inmates Dunmire, Low and Jones as an example of this allegedly unequal treatment. (Dkt. No. 21, Exs. D-F.) However, review of these appeal responses demonstrate that plaintiff was not similarly-situated to these other inmates. Plaintiff was provided a verbal warning and, after failing to comply with the verbal warning, was issued the counseling chrono. (<u>Id</u>., Ex. C.) The appeal responses do not demonstrate that inmates Dunmire, Low and Jones were first given a verbal warning and then failed to comply. (Dkt. No. 21, Exs. D-F.) Because plaintiff has not demonstrated that he was similarly-situated to these other inmates, plaintiff's argument that his verbal warning took place on the same day the counseling chrono was issued is unavailing. Therefore, plaintiff's equal protection claims against defendants Mitchell and Knowles must also be dismissed.

### 3. <u>Defendants Mitchell and Knowles</u>

Plaintiff alleges that defendants Mitchell and Knowles violated plaintiff's constitutional rights based on their adjudication of plaintiff's administrative appeals and because they failed to rescind the counseling chrono issued plaintiff for hanging laundry on his bunk bed in the prison dormitory. (Dkt. No. 29 at 11-12.) Defendants argue these claims fail as they are limited to defendants Mitchell's and Knowles' involvement in the grievance process.

The existence of an inmate appeals process does not create any protected interest. <u>Ramirez v. Galaza</u>, 334 F.3d 850, 860 (9th Cir. 2003); <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th

7

Cir. 1988). Plaintiff's allegations do not support a claim that he was deprived of any other protected interest without due process of law, <u>Wolff</u>, 418 U.S. at 556, or that these defendants violated plaintiff's right to equal protection. Therefore, plaintiff's claims against defendants Mitchell and Knowles as to their involvement in the grievance process must also be dismissed.

IV. <u>Conclusion</u>

Accordingly, this court recommends that defendants' motion to dismiss be granted, and this action be dismissed based on plaintiff's failure to state a cognizable civil rights claim. Fed. R. Civ. P. 12(b)(6).

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign a district judge to this case; and

IT IS HEREBY RECOMMENDED that:

1. Defendants' October 18, 2010 motion to dismiss (dkt. no. 28) be granted; and

2. This action be dismissed for failure to state a civil rights claim. Fed. R. Civ. P. 12(b)(6).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 15, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE